IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENDRICK HANDY; MICHAEL SMITH;                            PLAINTIFFS
COREY TAYLOR

V.                                                                           CAUSE NO. 3:14-CV-854-CWR-LRA

U.S. FOODS, INC.; DUANE FLEMING                          DEFENDANTS

## ORDER

Before the Court is the defendants' motion to dismiss count three of the amended complaint. Docket No. 17. After considering the allegations, arguments, and applicable law, the motion will be denied.

**I.**      **Factual and Procedural History**

The plaintiffs are former delivery drivers for U.S. Foods. They claim that U.S. Foods subjected them to racial discrimination by permitting dispatchers to assign the plaintiffs and other black delivery drivers relatively unfavorable delivery routes, as compared to non-black delivery drivers.

The plaintiffs have named Duane Fleming as a dispatcher who engaged in such discrimination. Fleming is also alleged to have racially discriminated against the plaintiffs by denying them days off while granting non-black drivers much more scheduling flexibility.

Count one of the complaint charges U.S. Foods with engaging in race discrimination in violation of Title VII and 42 U.S.C. § 1981. Count two is a state law breach of contract claim against U.S. Foods. Count three – the subject of the present motion – claims that Fleming is liable for tortious interference with the plaintiffs' employment contract, and that his actions make U.S. Foods liable for the same through vicarious liability.

The defendants contend that count three fails because Fleming acted within the course and scope of his employment. Since he was in a position of responsibility with respect to the plaintiffs' employment contract, his interference with that contract was privileged. The plaintiffs agree that Fleming was acting in the course and scope of his employment, but argue that their allegation of bad faith means they have stated a claim for tortious interference.

## II.     Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To proceed, the complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

## III.    Discussion

"One who intentionally and improperly interferes with the performance of a contract between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for pecuniary loss resulting to the other from the failure of the third person to perform the contract." *Shaw v. Burchfield*, 481 So. 2d 247, 254-55 (Miss. 1985) (citations omitted). "On the other hand, one occupying a position of responsibility on behalf of another is privileged, within the scope of that responsibility and

absent bad faith, to interfere with his principal's contractual relationship with a third person." *Id.* at 255 (citation omitted); *see Cirillo v. Cent. Mississippi Radiology, LLC*, No. 4:11-CV-24-JMV, 2013 WL 3147678, at *3 (N.D. Miss. June 19, 2013) (collecting cases). A plaintiff "may satisfy this 'bad faith exception' by showing that [the individual defendant] acted with malice, in other words, that he terminated [the plaintiff] '*without right or good cause*.'" *Vaughan v. Carlock Nissan of Tupelo, Inc.*, 553 F. App'x 438, 444 (5th Cir. 2014) (citation omitted).

A leading case in this area of the law is *Robinson v. Coastal Family Health Ctr., Inc.*, 756 F. Supp. 958, 964 (S.D. Miss. 1990). There, a doctor sued his former employer and the employer's executive director for wrongful termination and intentional interference with his employment contract. *Id.* at 960. The court found that the executive director could be sued for intentional interference even though she was acting in her capacity as executive director and in fact was the employer's agent. *Id.* at 964. The real question, the court thought, was whether the plaintiff had alleged that the executive director had acted in bad faith. *Id.* ("Shanks' status as an agent of Coastal would not shield her from liability if she acted in bad faith.") (citing *Shaw*). It concluded that the plaintiff had in fact made such an allegation. *Id.* Accordingly, he had successfully stated an intentional interference claim against the executive director.[1] *Id.*

Our case is no different. The plaintiffs' amended complaint alleges that Fleming was acting in the course and scope of his employment *and* in bad faith. Docket No. 12, at 20, 24-25. Under Mississippi law, this was sufficient to proceed. *Accord Vaughan*, 553 F. App'x at 444 ("Hill occupied a position of responsibility, acting on behalf of Carlock, and thus was privileged to interfere with Vaughan's employment unless he did so in bad faith *or* outside the scope of his employment.") (emphasis added).

---

[1] The court went on to dismiss the claim for expiration of the statute of limitations.

It remains to be seen whether the plaintiffs will actually be able to prove that Fleming acted in bad faith. That is a factual question that will have to be examined in discovery and perhaps the summary judgment stage. *E.g.*, *Shaw*, 481 So. 2d at 255 ("There being no showing of bad faith in the record sufficient to avoid summary judgment, . . . the trial judge correctly determined the Defendants entitled to judgment as a matter of law."); *Vaughan*, 553 F. App'x at 444 ("Because she has demonstrated the existence of a genuine issue of material fact with respect to whether Hill terminated her in bad faith, summary judgment was not warranted."). Ultimately, it may be a point that a jury will have to consider. But count three of the amended complaint adequately states a claim.

**IV.     Conclusion**

The motion is denied.

**SO ORDERED**, this the 13th day of April, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE